# United States District Court
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ANALI VIDAÑA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2661-S |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Unopposed Motion by Defendant Dallas Independent School District for Leave to File Portions of Its Summary Judgment Brief and Summary Judgment Evidence Under Seal ("Motion to Seal") [ECF No. 42]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

## I. BACKGROUND

In this lawsuit, Plaintiff Anali Vidaña asserts claims for sex and race/ethnicity discrimination and retaliation, along with constitutional violations. Pl.'s Second Am. Compl. [ECF No. 25] ¶¶ 4.1-4.13. Defendant filed its Motion for Summary Judgment [ECF No. 39], along with its Brief in Support of Its Motion for Summary Judgment [ECF No. 40] and its Appendix of Evidence in Support of Defendant's Motion for Summary Judgment [ECF No. 41]. Defendant requests leave to file portions of the Brief and Appendix under seal.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's

common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant seeks leave to file under seal two categories of information: (1) personally identifiable information regarding current or former students and (2) personnel information of Defendant's employees. Mot. to Seal 2. In support of nondisclosure, Defendant argues that certain statutes designate these categories of information as confidential and prohibit the public disclosure of such information. *See id.* at 2-3 (citing 20 U.S.C. § 1232g; TEX. EDUC. CODE ANN. § 21.355).

For the reasons set forth in the Motion to Seal, the Court agrees that the designated portions of the Brief and Appendix should be sealed. Additionally, courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information.").

The Court finds the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here. The relevant pages of the Brief and Appendix contain third parties' confidential information, *see MIECO*, 2022 WL 18034481, at *2, and contain

2

information that is protected by statute. As such, the Court will seal the identified portions of the summary judgment record.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Unopposed Motion by Defendant Dallas Independent School District for Leave to File Portions of Its Summary Judgment Brief and Summary Judgment Evidence Under Seal [ECF No. 42]. The Court **DIRECTS** Defendant to file the identified portions of its Brief and Appendix under seal. *See* Mot. to Seal 3-4.

**SO ORDERED.**

SIGNED February 17, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

3